ESTATE OF ELISE W. HILL, DECEASED, BY FREDERICK WEYERHAEUSER, CARL A. WEYERHAEUSER, AND MARY ELLEN REID, AS EXECUTORS OF SAID ESTATE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10131. Promulgated June 10, 1948.

*Wayne C. Gilbert, Esq.*, for the petitioners.
*E. C. Adams, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: Petitioners seek to have the distribution received by Elise W. Hill, the decedent, in 1936 taxed at capital gain rates, as a distribution in complete liquidation under section 115 (c) of the Revenue Act of 1936.[1] They contend, first, that the transfer of assets from Timber to Bonners was a separate transaction, not a part of the liquidation of Timber, and, second, that there was no business purpose sufficient to support a reorganization under section 112 (g). We find no merit in either contention. It is not open to question on this record that the transfer of assets to Bonners and the liquidation of Timber were parts of the same plan, which had been carefully thought out and decided upon in advance.

In our opinion, what the parties did falls within not only the letter, but also the spirit, of section 112 (g) (1) (C), which defines a reorganization as "a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred." The transfer of approximately 44 per cent of the assets of Timber to Bonners in exchange for all the Bonners stock was certainly undertaken for reasons germane to the continuance of the corporate business, and Bonners ever since has been conducting business with the transferred assets or with reinvestments of proceeds therefrom. The same persons who had controlled and operated Timber control and operate Bonners. It is true that the investment policy of Bonners has been changed somewhat, in that more money has been invested in government obligations and less in corporate stocks and bonds, but there has been no disruption in the conduct of the business.

Unlike the new companies in *George D. Graham*, 37 B. T. A. 623,

---

[1] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

\* \* \* \* \* \* \*

(c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117 (a), 100 per centum of the gain so recognized shall be taken into account in computing net income, except in the case of amounts distributed in complete liquidation of a corporation. \* \* \*

and *Standard Realization Co.*, 10 T. C. 708, Bonners was not availed of merely to complete the orderly liquidation of the assets transferred to it. It has continued to carry on a part of the business which Timber formerly conducted. It has acquired and disposed of new securities and made reinvestments. Under these circumstances, we think it may not be said that there was no business purpose in the transaction.

Moreover, the transaction was brought about largely because of a change in the tax laws which adversely affected personal holding companies. The result of the plan which was adopted and carried out was that the readily divisible assets, which produced about 90 per cent of Timber's income, were taken out of the business and divided pro rata among the stockholders, thereby relieving the income produced by those assets from the burden of personal holding company surtax. It is difficult to find any lack of sound business prudence in such a transaction. As for the other assets which were not readily divisible, the parties in interest no doubt determined that the advantages to be derived from continued corporate management of those assets outweighed the disadvantage of personal holding company surtax on the income which such assets produced. In any event, however, the *motive* behind the transaction is not determinative, but the inquiry, rather, is as to whether what was done is the type of thing with which the reorganization provisions of the statute were concerned. *Gregory* v. *Helvering*, 293 U. S. 465; cf. *Bazley* v. *Commissioner*, 331 U. S. 737.

It does not matter that substantially the same result, as the petitioners contend, could have been produced by a partial liquidation of Timber or by some other method. The tax consequences must be determined by what was done, rather than by what might have been done. The statutory provisions relating to reorganizations were intended to permit of some flexibility in changing the mode of conducting corporate business, and we know of no rule that there can be a statutory reorganization only when there is no other possible way of accomplishing the particular end desired.

Little need be added to what we have said in *Estate of John B. Lewis*, 10 T. C. 1080, decided this day, on the question as to whether there is a statutory reorganization in the type of situation here involved. The facts in that case are quite similar to those here. The fact that there the corporation was engaged in a manufacturing business, while here the corporation was engaged in an investment business, makes for no difference in result. We hold that the transaction which occurred in October 1936 constituted a statutory reorganization within the meaning of section 112 (g) (1) (C) of the Revenue Act of 1936, and that the distribution received by the decedent was made pursuant thereto.

We do not understand petitioners seriously to contend that, if there

was a reorganization, the distribution to the decedent, to the extent of her pro rata share in corporate earnings and profits, is not taxable as a dividend in accordance with the respondent's determination; but, in any event, we think there can be no question on that score. While the receipt of the Bonners stock by the decedent in exchange for her Timber stock is a type of transaction calling for no recognition of gain under section 112 (b) (3) of the act, she received considerable other property and money, which are not permitted to be received without recognition of gain. Therefore, under section 112 (c) (1) [2] her gain, to the extent of the other property or money received, is to be recognized; and under section 112 (c) (2),[2] if a distribution has the effect of the distribution of a taxable dividend, it is to be taxed as such to the extent of the distributee's ratable share of undistributed corporate earnings and profits. It is stipulated that the decedent's ratable share of such profits was $175,936.85. We hold that the decedent's gain to that extent shall be taxed as a dividend. *Commissioner* v. *Bedford's Estate*, 325 U. S. 283.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

[2] SEC. 112. RECOGNITION OF GAIN OR LOSS.

\*          \*          \*          \*          \*          \*          \*

(c) GAIN FROM EXCHANGES NOT SOLELY IN KIND.—

(1) If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5) of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

(2) If a distribution made in pursuance of a plan of reorganization is within the provisions of paragraph (1) of this subsection but has the effect of the distribution of a taxable dividend, then there shall be taxed as a dividend to each distributee such an amount of the gain recognized under paragraph (1) as is not in excess of his ratable share of the undistributed earnings and profits of the corporation accumulated after February 28, 1913. The remainder, if any, of the gain recognized under paragraph (1) shall be taxed as a gain from the exchange of property.